| |
|---|
| **Barnes v Barnes** |
| 2025 NY Slip Op 30978(U) |
| March 25, 2025 |
| Supeme Court, New York County |
| Docket Number: Index No. 151490/2014 |
| Judge: Paul A. Goetz |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. PAUL A. GOETZ**              PART                    47

                         *Justice*

---------------------------------------------------------------------------X

BRYANT BARNES, MICHAEL BARNES, JEFFREY          INDEX NO.        151490/2014
BARNES
                                                MOTION DATE      11/27/2024
                              Plaintiffs,
                                                MOTION SEQ. NO.       007
              - v -

HAROLD BARNES,                                  **DECISION + ORDER ON
                                                MOTION**
                              Defendant.

---------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 007) 111, 112, 113, 114
were read on this motion to/for        REARGUMENT/RECONSIDERATION        .


       Plaintiffs move, unopposed, pursuant CPLR §§ 2221(d) and 2221(e) for leave to reargue

and renew their prior motion (MS #5) to the extent that the decision and order on that motion,

dated October 2, 2024, ordered that: (A) "the part of plaintiffs' motion that seeks a default

judgment as against Sandra Barnes and Joan Barnes-Ware is denied, and the complaint is

dismissed as against them, as plaintiffs failed to seek such judgment within one year of the

alleged default (CPLR 3215(c) ['If the plaintiff fails to take proceedings for the entry of

judgment within one year after the default, the court shall not enter judgment but shall dismiss

the complaint as abandoned . . . .'])"; (B) "the property shall be sold at a public auction as

contemplated in the decision and order dated December 31, 2019"; and (C) "the part of

plaintiffs' motion that seeks summary judgment on the issue of plaintiffs' ouster by Harold

Barnes 'with the tacit consent of Sandra Barnes and Joan Barnes-Ware' is denied as unsupported

by plaintiffs' submissions" (NYSCEF Doc No 103).

[* 1]

Order Section (A)

Plaintiffs seek leave to reargue pursuant to CPLR § 2221(d) on the grounds that the court misapplied CPLR § 3215(c) because "[t]his section . . . deals specifically with 'When a defendant has failed to appear, plead or proceed to trial of an action reached and called for trial," whereas the defendants at issue, Sandra Barnes and Joan Barnes-Ware, did not fail to appear (NYSCEF Doc No 112 [emphasis in original]). However, the section plaintiffs quote is CPLR § 3215**(d)**, not CPLR § 3215(c).[1] As stated in the October 2, 2024 order, CPLR § 3215**(c)** provides: "If the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." Plaintiffs failed to seek a default judgment within one year after the alleged default (NYSCEF Doc No 76 [asserting that Sandra and Joan "failed and refused to communicate or continue in the defense of this action since approximately June of 2019"; the motion was filed on March 15, 2024]). Nor did plaintiffs provide an explanation for this four-plus year delay in this matter initiated in 2014 (NYSCEF Doc No 112 [stating only that "the case stalled" because Sandra and Joan did not have representation or communicate with plaintiffs for a long period of time]). Therefore, the court did not misapprehend or misapply CPLR § 3215(c) in denying the motion and dismissing the complaint as abandoned. Accordingly, the part of plaintiffs' motion seeking to reargue on these grounds will be denied.

Plaintiffs alternatively seek leave to *renew* the same part of the motion pursuant to CPLR § 2221(e) on the grounds that "[a]fter this motion was made, out of the blue for the first time, we

---

[1] Plaintiffs cite yet another unrelated section in their correspondence to the court dated October 18, 2024 (NYSCEF Doc No 104 ["I believe that portion of the Court's decision is erroneous is because that section of the Statute applies 'where a defendant has failed to appear, plead or proceed to trial...' CPLR 3215**(a)**"] [emphasis added]).

**151490/2014   BARNES, BRYANT vs. BARNES, SANDRA**                                                    **Page 2 of 5**
**Motion No.  007**

heard from attorney Patrick Reilly Esq. who said that he would be representing all of the Defendants including" Sandra and Joan (NYSCEF Doc No 112). Plaintiffs state that in light of this new representation, with whom plaintiffs "have worked cooperatively," all parties agree that it would be "counterproductive" to dismiss the action at this stage (*id.*). It is unclear why the parties, if working cooperatively towards a mutual resolution, did not seek to adjourn or withdraw the part of the motion seeking default judgment against Sandra and Joan. In any case, these new facts are sufficient to warrant renewal of the motion. Though plaintiffs do not specify the relief they seek upon renewal with respect to the *default* (requesting only to "modify[] the portion of the order *dismissing* the case"), it appears that they no longer wish to pursue a default judgment against Sandra and Joan. Accordingly, the part of plaintiffs' motion seeking renewal of the part of MS #5 seeking a default judgment will be granted, and upon renewal, that part the motion will be denied as moot, and the complaint will be reinstated as against Sandra and Joan.

Order Section (B):

Plaintiffs represent, and defendants do not dispute, that the parties have been engaged in productive conversations regarding the sale of the property (NYSCEF Doc No 112). Based on these new facts, the part of plaintiffs' motion to renew MS #5 to the extent that the court ordered the sale of the property will be granted, and upon renewal, the sale of the property will be canceled.

Order Section (C):

Finally, plaintiffs seek to reargue the part of MS #5 which sought summary judgment on the issue of plaintiffs' ouster by Harold Barnes "with the tacit consent of Sandra [and] Joan," which was denied as unsupported (NYSCEF Doc No 103). Plaintiffs argue that the court overlooked plaintiffs' affirmations, in which plaintiffs asserted that their "attempts to sell the

151490/2014   BARNES, BRYANT vs. BARNES, SANDRA                    Page 3 of 5
      Motion No.  007

3 of 5

[* 3]

property [] have been hampered by HAROLD BARNES not providing access to the subject premises" (NYSCEF Doc Nos 78-79). The court did not overlook these affirmations; they were simply insufficient to demonstrate Harold "prevented plaintiffs from obtaining access to the inside of the premises . . . *with the tacit consent of*" Sandra and Joan (NYSCEF Doc No 76 [emphasis added]); there was simply no mention of Sandra and Joan's involvement in the ouster. Additionally, while plaintiffs assert that and that "all of the evidence in the record before the court . . . demonstrates no access and ouster" (NYSCEF Doc No 112), the court was not required to review the entire record, only the motion papers. Accordingly, the part of plaintiffs' motion seeking leave to reargue the part of MS #5 which sought summary judgment on the issue of ouster by Harold with the tacit consent of Sandra and Joan will be denied.

Based on the foregoing, it is

ORDERED that plaintiffs' motion is granted only to the extent that it seeks renewal pursuant to CPLR § 2221(e) based on the new facts presented; and upon renewal, it is

ORDERED that the part of MS #5 which sought a default judgment as against Sandra Barnes and Joan Barnes is denied, and the complaint is reinstated as against them; and it is further

ORDERED that the sale of the property as directed in the October 2, 2024 decision and order (NYSCEF Doc No 103) is canceled; and it is further

**151490/2014   BARNES, BRYANT vs. BARNES, SANDRA**                                    **Page 4 of 5**
  **Motion No.  007**

[* 4]                                                                                       4 of 5

ORDERED that the parties are directed to appear for an in-person status conference on

May 15, 2025.

20250325152902PGOETZ027DB9413EE54AEAA62A6BA691C5F40D

**3/25/2025**
**DATE**

**PAUL A. GOETZ, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**151490/2014   BARNES, BRYANT vs. BARNES, SANDRA**                                      **Page 5 of 5**
**Motion No.  007**

[* 5]